FILED
2010 Apr-26 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DANNY K. SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:09-CV-1253-VEH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**[1]

Plaintiff Danny Shelton ("Mr. Shelton") brings this action pursuant to 42 U.S.C. § 1614(a)(3)(A) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied his application for Supplemental

---

[1] The undersigned has rendered several other comparable decisions which address the inadequacies of the respective ALJ's RFC determinations from which the framework, analysis, and disposition of this case persuasively flow. *See, e.g., Mahaley v. Astrue*, No. 5:09-CV-0347-VEH, (Docs. 12, 13) (N.D. Ala. Feb. 18, 2010) (reversing and remanding under similar circumstances in which the court found that the ALJ's RCF finding was not supported by substantial evidence); *Glover v. Astrue*, No. 3:09-CV-0033-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 4, 2010) (same); *Johnson v. Astrue*, No. 3:08-CV-1761-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 12, 2010) (same); *Martin v. Astrue*, No. 5:09-CV-1029-VEH, (Docs. 11, 12) (N.D. Ala. Mar. 25, 2010) (same).

Security Income ("SSI").[2]  Mr. Shelton timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[3]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Shelton was a 38-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 28). He attended high school and completed the tenth grade.  (Tr. 28-29).  He never obtained a GED.  (Tr. 29).

Mr. Shelton's prior work experience includes building houses.  (*Id.*).  Mr. Shelton claims disability, as amended, beginning on March 14, 2006.  (Tr. 18).  Mr. Shelton suffers from post fracture of the left midshaft tibial and fibula, lower back pain, and hypertension.  (Tr. 11).

Mr. Shelton protectively filed a Title XVI application for SSI on March 14, 2006.  (Tr. 9).  The SSI claim was denied initially on June 26, 2065.  (Tr. 9).  Mr. Shelton timely filed a request for a hearing on July 12, 2006.  (Tr. 9).  The hearing

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks SSI or Disability Insurance Benefits ("DIB") under the Social Security Act.  However, separate, parallel statutes and regulations exist for SSI and DIB claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

before the ALJ was held on November 13, 2006. (Tr. 9, 23). The ALJ concluded Mr. Shelton was not disabled as defined by the Social Security Act and denied his SSI application on January 23, 2008. (Tr. 9-16).

Mr. Shelton filed a request for review on February 5, 2008. (Tr. 4). On April 27, 2009, the Appeals Council denied review, which resulted in the ALJ's decision being the final decision of the Commissioner. (Tr. 1).

On June 22, 2009, Mr. Shelton filed his complaint with this court asking for review of the ALJ's decision. (Doc. 1). This court has carefully considered the record, and for the reasons stated below, reverses the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial

evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through March 12, 2010.

sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found Mr. Shelton had not engaged in substantial gainful activity since the amended onset of his disability and date of his application, *i.e.*, March 14, 2006. (Tr. 9, 11). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R.

5

§ 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe combination of impairments: post fracture of the left midshaft tibial and fibula, low back pain, and hypertension." (Tr. 11 (citation omitted)). Accordingly, the ALJ concluded that Mr. Shelton satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At this second level, the ALJ found that Mr. Shelton's alleged anxiety condition "when considered both singly and in combination with his above-stated physical impairments is not a 'severe' impairment with the meaning of the regulations." Mr. Shelton does not dispute this finding on appeal.

At step three, the ALJ determined that Mr. Shelton did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 11). Mr. Shelton does not challenge this determination on appeal either.

The ALJ then evaluated Mr. Shelton's residual functional capacity ("RFC") at step four, and the claimant was found to have the ability "to perform light work with a sit/stand option at will."[5] (Tr. 11-12). The ALJ additionally described Mr.

---

[5] The Regulations define light work as:

[L]ifting no more than 20 pounds at a time with frequent lifting or

Shelton's functionality to include:

> He can occasionally perform postural maneuvers as balancing, stooping, kneeling, crouching, and crawling. He can occasionally climb ramps and stairs, but never use ladders/ropes/scaffolds. He is precluded from work around unprotected heights. These limitations are based upon his testimony of left leg pain.

(Tr. 12).

Later in his decision, the ALJ described Mr. Shelton's RFC as a reduced range of light work:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.18. However, <u>the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations</u>.

(Tr. 16 (emphasis added)). Further, the ALJ accepted "the testimony of the vocational expert that the claimant has no past relevant work activity." (Tr. 15).

Because of the ALJ's finding that Mr. Shelton had no past relevant work

---

> carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (current through April 9, 2010).

7

experience, it was necessary to continue to step five of the sequential analysis. (Tr. 15-16). Factoring in the Medical-Vocational Guidelines as a framework and relying upon testimony from the vocational expert, the ALJ concluded that Mr. Shelton was capable of performing "representative occupations such as: packer . . . inspector . . . and labeler" and that these positions existed in significant numbers in the national economy. (Tr. 16). Accordingly, the ALJ concluded Mr. Shelton was not disabled as defined by the Social Security Act, at any time from March 14, 2006, through January 23, 2008, the date of the ALJ's decision, and denied his SSI claim. (*Id.*).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]

In this appeal, Mr. Shelton raises several different issues. (*See generally* Doc. 6). One of Mr. Shelton's challenges relates to the ALJ's rejection of his treating

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

physician's opinion that he is disabled and unable to work over "the one-time examination of the Plaintiff by Dr. Crouch." (Tr. 9).

As Mr. Shelton further points out:

> Dr. Crouch did not specifically outline any limitations related to the Plaintiff' severe impairments. Despite the inconclusive nature of Dr. Crouch's examination, the ALJ found that "Dr. Crouch's opinion regarding the claimant's impairments is supported by the medical record and his examination findings." (Tr.13). It is unclear what opinion the ALJ is relying on.

(Doc. 6 at 9-10 (emphasis added)). The court turns to the lack of any underlying medical opinion in support of the ALJ's RFC determination that Mr. Shelton is capable of performing a reduced range of light work, and agrees with Mr. Shelton that under the circumstances of his case, the ALJ committed reversible error.[7]

**I.  IN THE ABSENCE OF A SUPPORTING MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN, THE ALJ'S RFC DETERMINATION THAT MR. SHELTON CAN PERFORM A REDUCED RANGE OF LIGHT WORK WITH A SIT/STAND OPTION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

In support of his RFC determination, the ALJ expressly relies upon a consultative examination performed on Mr. Shelton by Dr. Crouch on June 13, 2006. (Tr. 13). After summarizing several of Dr. Crouch's bare medical findings and

---

[7] As a result, the court does not reach the merits of the other issues presented on appeal.

9

observations such as Mr. Shelton's left-leg limp and his difficulty with squatting and arising, the ALJ concluded:

> Dr. Crouch diagnosed status post fracture of the left midshaft tibial and fibula with open reduction and internal fixation; chronic low back pain due to degenerative disk disease; and hypertension (4F). Dr. Crouch's opinion regarding the claimant's impairments is supported by the medical record and his examination findings and the undersigned finds substantial weight should be accorded those findings.

(Tr. 13 (emphasis added)).

The court has studied the records relating to Dr. Crouch's examination of Mr. Shelton dated June 13, 2006. (Tr. 143-45). However, nowhere within these records does Dr. Crouch express his opinion about the impact of Mr. Shelton's impairments in <u>vocational</u> terms. Instead, Dr. Crouch's consultative findings are rawly reported without drawing any vocational conclusions.

More specifically, Dr. Crouch gives no indication about Mr. Shelton's strength or other exertional abilities much less makes a recommendation on the range of work he is physically capable of performing given his collection of severe impairments. *See, e.g., Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner

may not] make that connection himself.'") (citation omitted).  Similarly, Dr. Crouch does not suggest any of the job-related non-exertional restrictions that the ALJ placed upon Mr. Shelton.

Therefore, the records from Dr. Crouch do not provide substantial evidence that Mr. Shelton is capable of performing a reduced range of light work with a sit/stand option.  Moreover, the court has been unable to locate (and Defendant has not pointed to (*see generally* Doc. 7)) a medical source opinion[8] or a physical capacities evaluation conducted by a physician that substantiates Mr. Shelton is capable of performing a reduced level of light work or delineates any of the vocational restrictions that the ALJ found to be appropriate.[9]  *See, e.g., Rohrberg*, 26

---

[8] "Medical source statements are 'medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis.'"  SSR 96-5p.

[9] The ALJ rejected the only medical opinion contained in the record about Mr. Shelton's ability to work, provided by his treating physician, Dr. Cromenas. (Tr. 13, 162).  In particular, the ALJ found that Dr. Cromenas's total disability determination on the basis of "a failed [leg] operation[;]" "compound [fractures] to [his] lower lumbar[;]" and "chronic pain" (Tr. 162) was inadequate as unsupported by objective medical evidence and/or merely conclusory.  (Tr. 14).  There was no underlying physical capacities or functional assessment included with Dr. Cromenas's opinion given on October 27, 2006.

The ALJ also mentioned a physical summary prepared by a non-medical consultant in his decision (Tr. 15, 146), but gave it "little weight" as the non-licensed

F. Supp. 2d at 311 (D. Mass. 1998) ("The ALJ failed to refer to-and this Court has not found-a proper, medically determined RFC in the record.").

As another district judge of this court aptly explained the RFC issue in the context of an ALJ who comparably determined that the claimant was able to perform her past relevant work without the benefit of a physical capacities evaluation conducted by a physician:

> While the Record contains Ms. Rogers' medical treatment history, it lacks any physical capacities evaluation by a physician. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required. *Id.* In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Ms. Roger's physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations. Further, Ms. Rogers' ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. Ms. Rogers' residual functional capacity was not properly determined nor supported by substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006)

---

reviewer "neither examined nor treated the claimant and did not have the more recently submitted evidence." (Tr. 15). The court further notes that this non-medically determined record is unsubstantiated by any underlying functional or physical capacities assessment of Mr. Shelton.

(emphasis added); *see also Manso-Pizarro*, 76 F.3d at 17 ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record.") (emphasis added) (citations omitted); *Rohrberg*, 26 F. Supp. 2d at 311 ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (emphasis added) (citation omitted).

Comparable to *Rogers*, *Manso-Pizarro*, and other similar cases, a lay person such as an ALJ is not able to discern Mr. Shelton's work-related exertional abilities and appropriate non-exertional restrictions based upon the unfiltered information contained in his medical records. Moreover, the lack of a medically-determined physical RFC is particularly critical here when, undisputably, Mr. Shelton has no relevant past work experience upon which an RFC determination of reduced light work with a sit/stand option might be substantially based and the ALJ rejected the one vocational opinion contained in the record that was favorable to Mr. Shelton. As the undersigned has previously recognized in another fifth-step burden decision that similarly resulted in a remand for further development of the claimant's functional abilities:

> The Eleventh Circuit has held that the absence of a physician's opinion

> regarding a plaintiff's functional limitations does not morph into an opinion that the plaintiff can work. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). "Such silence is equally susceptible to either inference, therefore, no inference should be taken." *Id.*

*Clemmons v. Barnhart*, No. 3:06-CV-1058-VEH, (Doc. 22 at 11) (N.D. Ala. June 11, 2007).

Therefore, in the absence of a medical source statement and/or any physical capacities evaluation conducted on Mr. Shelton by a physician that substantiates his ability to perform light work with a sit/stand option and certain non-exertional restrictions given his severe impairments of a fractured lower left leg, lower back pain and hypertension, the record has not been adequately developed. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations omitted).

Relatedly, the ALJ's determination that Mr. Shelton can perform a reduced range of light work is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 26th day of April, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge